**WO**                                                                                                              RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martico A. Muldrow,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV 07-1631-PHX-SMM (ECV)<br><br>**ORDER** |

Petitioner Martico A. Muldrow, who is confined in the Arizona State Prison Complex-Yuma, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1). The $5.00 filing fee has been paid. The Court will require an answer to the Petition.

**I.     Petition**

Named as Respondent in the Petition is Dora Schriro.[1] The Attorney General of the State of Arizona is named as an Additional Respondent.

In his Petition, Petitioner challenges his judgment of conviction on September 12, 2001 for First-Degree Felony Murder, entered in the Maricopa County Superior Court in matter #CR 1999-014482. Petitioner was sentenced to a 25 year-to-life term of imprisonment.

---

[1] Petitioner erroneously lists Respondent Dora Schriro's first name as "Dorothy."

**TERMPSREF**

Petitioner presents seven grounds in support of his request for habeas relief. All seven grounds allege the denial of effective assistance of trial counsel.

Petitioner affirmatively alleges that he presented the issues raised in all of his grounds to the Arizona Supreme Court. Accordingly, an answer to the Petition will be required.

## II.   Warnings

### A.   Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.   Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C.   Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS HEREBY ORDERED:**

(1)   The Clerk of Court **must serve** a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2)   Respondents **must answer** the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations,

1 procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only
2 those portions of the record relevant to those defenses need be attached to the answer.
3 Failure to set forth an affirmative defense in an answer may be treated as a waiver of the
4 defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative
5 defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules
6 Governing Section 2254 Cases.

7     (3)    Petitioner **may file** a reply within 30 days from the date of service of the
8 answer.

9     (4)    This matter is **referred** to Magistrate Judge Edward C. Voss pursuant to Rules
10 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
11 recommendation.

12     DATED this 13th day of December, 2007.

_____
Stephen M. McNamee
United States District Judge